## APPEAL OF LEEDY MANUFACTURING CO.

Docket No. 1759.   Submitted May 4, 1925.   Decided June 30, 1925.

For many years prior to 1919 the cost of making certain repairs to depreciable assets was added to the asset account and depreciation was claimed upon the " diminishing balance " method; the taxpayer made many of the tools and machines used by it in the manufacture of its product in its own plant; the taxpayer's books of account prior to 1913 show a write-up in the book value of assets in four years and no depreciation for those years. *Held*, that the write-up in the book values of the assets for years prior to 1913 may not be included in invested capital; that the values shown by the taxpayer's books of account of depreciable assets reduced by the write-up above referred to should be accepted as reflecting sound values and that the amount claimed as a deduction from gross income on account of depreciation in the income-tax return for 1919 is not in excess of a reasonable allowance.

*George S. Olive, C. P. A.,* and *Frank C. Olive, Esq.,* for the taxpayer.

*J. Harry Byrne, Esq.,* for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

The taxpayer appeals from deficiencies in income and profits tax for the years 1919 and 1920, in the amounts of $3,357.65 and $646.70, respectively, total $4,004.35.

### FINDINGS OF FACT.

1. The taxpayer is an Indiana corporation organized in 1903 with an authorized capital stock of $15,000, which was increased in 1906 to $25,000, and in 1911 to $100,000. It is engaged in the manufacture of drums and drummers' accessories.

2. From the time the taxpayer began business it has kept an individual account with each item of depreciable property. This record shows the original cost of the depreciable asset purchased and the cost of improvements made to the asset. The taxpayer determined the depreciation rate to be applied to each asset and since 1913, at least, has applied the rate to the book value of the asset at the beginning of the year increased by the cost of improvements made during the year. Depreciation has been taken by the "diminishing balance" method rather than by the "straight-line" method. The amount of depreciation computed upon each depreciable asset is shown only on the individual record. An inventory or appraisal was taken at the close of each year for the purpose of determining the condition of plant and equipment and for the purpose of ascertaining the cost of new tools and equipment acquired during the year. The depreciated cost of all of the assets at the close of the year was recorded in the plant account upon the books of account in the closing of such books.

3. The taxpayer opened new books of account in 1913 and the balances then shown upon the individual records were brought forward and entered on the new records.

4. In some of the years prior to 1913 the cost of improvements was in excess of the depreciation entered upon the individual records. The excess for the years 1906, 1907, 1909, and 1911 was as follows:

| | |
|---|---|
| 1906 | $3,384.32 |
| 1907 | 6,069.10 |
| 1909 | 3,009.08 |
| 1911 | 1,307.95 |
| Total | 13,770.45 |

5. The Commissioner has reduced claimed invested capital for each of the years 1919 and 1920 by $13,770.45, the alleged appreciation in book values as shown in paragraph 4, above.

6. The Commissioner has further reduced claimed invested capital for the years 1919 and 1920 by $16,911.76 and $13,516.20, respectively, which amounts are alleged by the Commissioner to represent depreciation which accrued prior to January 1, 1919, and January 1, 1920, respectively, but which amounts had not been charged off on the taxpayer's books of account.

7. In its income-tax return for the calendar year 1919, the taxpayer deducted from gross income on account of depreciation $10,450.39. The Commissioner has disallowed the deduction of $3,395.56 of this amount. The amount of $10,450.39 was computed upon an alleged book value of plant and equipment at January 1, 1919, of $78,094.08. The Commissioner has allowed depreciation upon a book value of plant and equipment at January 1, 1919, of $47,411.87.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: This appeal comes before the Board on the following assignments of error:

(a) The Commissioner erred in disallowing as a deduction in computing the taxpayer's taxable net income for the year 1919, three thousand three hundred ninety-five dollars and fifty-six cents ($3,395.56), representing depreciation on buildings, machinery, and equipment of the taxpayer.

(b) The Commissioner erred in disallowing as invested capital in computing the taxpayer's income and excess profits tax liability for the years 1919 and 1920, thirteen thousand seven hundred seventy dollars and forty-five cents ($13,770.45), claimed by the Commissioner to represent appreciation of Plant Account, arbitrarily written up by the taxpayer.

(c) The Commissioner erred in disallowing as invested capital, in computing the income and excess profits tax liability of the taxpayer for 1919, sixteen thousand nine hundred eleven dollars and seventy-six cents ($16,911.76), representing additional depreciation, claimed by the Commissioner to have accrued prior to January 1, 1919.

(d) The Commissioner erred in disallowing as invested capital, in computing the income and excess profits tax liability of the taxpayer for 1920, thirteen thousand five hundred sixteen dollars and twenty cents ($13,516.20), representing additional depreciation claimed by the Commissioner to have accrued prior to January 1, 1920.

Although the appeal states four assignments of error, they are all resolvable into one, namely, the Commissioner has refused to accept the taxpayer's books of account as reflecting the sound value of

depreciable assets at January 1, 1919, and January 1, 1920. The basis of the rejection by the Commissioner is stated in a revenue agent's report which was admitted in evidence.

As indicated by the findings of fact, it has been the practice of the taxpayer in the past to take depreciation upon the "diminishing balance" method. It has also been its practice to charge the cost of repairs which tend to prolong the life of depreciable assets to capital account before applying the rates for depreciation. The revenue agent found that for the years 1913 to 1920, inclusive, the taxpayer had capitalized $15,909.83 of expense items. Of this total $1,759.80 was for the year 1919, and $5,192.21 for the year 1920. It was impossible for him to make any segregation of the expense items capitalized prior to 1913, but he did find that the plant account had been appreciated, as shown by the books of account, for the years 1906, 1907, 1909, and 1911, in the aggregate amount of $13,770.45, and that only $1,347.58 had been taken as depreciation prior to 1913.

The books of account for years prior to 1913 were not submitted in evidence. A revenue agent, after an examination of those books of account, reduced claimed invested capital for each of the years 1919 and 1920 by $13,770.45, which he alleged represented appreciation in book values. At the hearing the taxpayer contended that the write-up in the book values of depreciable assets did not represent merely appreciation of book values but represented a correction of its plant account to include therein the cost of tools, machinery, and buildings constructed by the taxpayer during the years in which there was a write-up of the plant account. The evidence upon this point is not satisfactory and, for lack of evidence, the reduction in invested capital made by the Commissioner is approved.

The evidence is to the effect that the taxpayer's books of account have been carefully kept, at least from January 1, 1913, and that depreciation has been charged off in a consistent manner. We are of the opinion that the evidence proves that the book values of the assets at January 1, 1919, after the reduction of those values by the elimination of $13,770.45 representing appreciation for the years 1906, 1907, 1909, and 1911, were not in excess of sound values. Cf. *Appeal of Cleveland Home Brewing Co.*, 1 B. T. A. 87.

In its original return for 1919, the taxpayer claimed depreciation of $10,450.39. Only $3,395.56 of this amount has been disallowed as a deduction by the Commissioner. The rates of depreciation applied by the Commissioner are in our opinion ample to offset depreciation sustained and appear to be equal to if not greater than the rates used by the taxpayer. The Commissioner has, however, applied his rates to a much smaller cost of depreciable assets than

is shown by the taxpayer's books of account. We are of the opinion that the amount of depreciation claimed by the taxpayer for 1919 is not in excess of the amount of depreciation actually sustained.